## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EL' AHMAD BABA HASHIN BARAK,     :
                                          :
                      Plaintiff,     :
                                            :
             v.                         :     C. A. No. 12-835-SLR-MPT
                                            :
HSBC BANK, NA, *et al.*,          :
                                            :
                     Defendant.    :

## REPORT AND RECOMMENDATION

## I.    FACTUAL BACKGROUND

Apparently from his documents, plaintiff entered into a mortgage with defendant[1] in order to purchase a house.[2] The mortgage appears to have been initiated around September 1998.[3] It also appears plaintiff eventually defaulted on his mortgage sometime around September 2011.[4]

After plaintiff defaulted, defendant initiated foreclosure proceedings. In response, plaintiff mailed defendant several documents, all of which he apparently prepared himself. The initial documents, captioned "Notice and Demand" and "True Bill," were forwarded to defendant on December 16, 2011, and received on December 19, 2011.[5] In the Notice and Demand document, plaintiff claimed defendant "tricked" him into a one-sided contract without disclosing all the terms and conditions of the loan. He

---

[1] D.I. 19 at 1 (Defendant's actual name is Household Finance Consumer Discount Company. Plaintiff incorrectly identified defendant as HSBC Bank, a non-existent entity.).
[2] D.I. 17 at 8 (Because plaintiff did not provide separate page numbers for the attachments to his filings when referencing D.I. 1, Exs.1 and 2, documents filed with the complaint, and D.I. 17, plaintiff's opening brief, the page numbers identified are to page numbers as docketed by the court.).
[3] *Id.* at 10.
[4] *Id.*
[5] D.I. 17 at 8; D.I. 1, Ex. 2 at 1.

asserts  defendant made him a "depositor" and not a "borrower."[6]  Because defendant
deposited the mortgage into his checking account, plaintiff claims the amount provided
pursuant to the mortgage was never a loan.[7]  In the "True Bill" document, plaintiff listed
his purported damages resulting from defendant's conduct, as $6,986,959.29.[8]  Also
attached to the Notice and Demand and True Bill was a list of several "interrogatories"
asking about defendant's relationship to plaintiff and its banking practices.[9]  Finally, this
group of documents provided a specific time frame of thirty days for defendant to
respond to plaintiff's "complaint."[10]

After the thirty day time frame lapsed on January 19, 2012, plaintiff forwarded
defendant a third document, "Notice of Default with Opportunity to Cure," on January
27, 2012.[11]  This "notice" gave defendant a three day window to respond to plaintiff's
initial documents in the event that its failure to respond was an oversight, mistake, or
unintentional.[12]  The purported Notice of Default was delivered to defendant on
February 2, 2012.[13]

On February 12, 2012, after no response from defendant to his prior notices,
plaintiff generated yet another document titled "Notice of Default (Nihil Decit),"[14] which
advises he was seeking a default judgment because of defendant's alleged failure to

---

[6] D.I. 17 at 8.
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.* at 12.
[10] *Id.* at 17.
[11] *Id.* at 22.
[12] *Id.*
[13] *Id.* at 25.
[14] *Id.* at 27.

respond in the time allotted.[15]

The final writing plaintiff sent to defendant, "Final Determination and Judgment," was executed and notarized on May 11, 2012,[16] and reiterates because of defendant's previous failures to respond, it waived its opportunity to contest the damages outlined in the True Bill, thereby entitling plaintiff to a default judgment.[17]  All documents forwarded to defendant were before any action or proceedings were initiated by plaintiff in any court.  Plaintiff filed this instant matter for alleged damages on June 29, 2012.[18]

## II.    PROCEDURAL BACKGROUND

On December 7, 2012, defendant filed a Rule 12 (b)(6) motion to dismiss.[19]  The motion particularly highlights that the complaint lacks sufficient facts regarding any actionable conduct by defendant and only contains legal conclusions.[20]  Plaintiff filed a "brief" in opposition to defendant's motion to dismiss on January 7, 2013, which merely contains legal citations without addressing defendant's arguments.  Plaintiff asserted his complaint was sufficient because it satisfied the short and plain statement requirement of FED. R. CIV. P. 8,[21] by citing to older cases regarding the sufficiency of a complaint,[22] the findings of which had been overturned or dramatically affected by the more recent

---

[15] *Id.* at 27-28.

[16] D.I. 1, Ex. 1 at 2.

[17] D.I. 10 at 2.

[18] D.I. 1, Ex. 4 at 1.

[19] Briefing on defendant's motion to dismiss is as follows: D.I. 10 (defendant's opening brief); D.I. 12 (plaintiff's answering brief); and D.I. 14 (defendant's reply brief).

[20] D.I. 10 at 2.

[21] D.I. 12 at 2.

[22] *Id.* (Plaintiff specifically cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) and *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557 (1987))

cases of *Twombly* and *Iqbal*.[23]  He further claimed the pleading requirements from

cases cited in defendant's brief were not valid.[24]  Plaintiff then addressed the issue of

subject matter jurisdiction, which was not challenged in defendant's brief.[25]

Before any ruling on defendant's motion to dismiss, plaintiff filed a motion for

summary judgment on February 12, 2013, which consisted only of copies of the four

aforementioned documents attached to his complaint and sent to defendant during 2011

and 2012.[26]  Defendant answered and cross moved for summary judgment on February

22, 2013, arguing that plaintiff's motion for summary judgment was premature, and in

the alternative, there were no genuine disputes over any material facts.[27]

## III.    MOTION TO DISMISS

### A.    Standard of Review

FED. R. CIV. P. 12(b)(6) permits a party to move to dismiss a complaint for failure

to state a claim upon which relief can be granted.  The purpose of a motion under Rule

12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide

the merits of the case.[28]  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."[29]  A motion to

---

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,*129 S. Ct. 1937 (2009)
[24] *Id.* at 2-3.
[25] *Id.* at 4-5.
[26] D.I. 17, Ex.1 at 34.  Briefing on plaintiff's motion for summary judgment is as follows: D.I. 17 (plaintiff's opening brief); and D.I. 19 (defendant's answering brief in response to plaintiff's motion and opening brief in support of defendant's motion for summary judgment).
[27] D.I. 18.
[28] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[29] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Twombly*, 550 U.S. 544, 563 n.8 ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[30]  While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[31]

To survive a motion to dismiss, plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[32]  Plaintiff is therefore required to provide the grounds of his entitlement to relief beyond mere labels and conclusions.[33] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[34]  A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[35]  Once adequately stated, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[36]  Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when

---

[30] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *In re Burlington*, 114 F.3d at 1420).

[31] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (rejecting "unsupported conclusions and unwarranted inferences") (citations omitted); *see generally Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [the plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

[32] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

[33] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[34] *Id.* at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

[35] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

[36] *Twombly*, 550 U.S. at 563 (citations omitted).

reviewing a motion to dismiss.[37]

## B.    Discussion

In *Kamara v. Columbia Home Loans, LLC*, the plaintiff alleged the defendants induced her to execute a loan by making false promises, and the terms of the loan, when revealed, were different from those represented.[38]  The plaintiff asserted the defendants engaged in an assignment scheme with other lenders to create confusion and to avoid various legal obligations, such as complying with the Federal Fair Debt Collection Practices Act ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), which are debt collection laws that protect consumers from abusive, deceptive, and unfair debt collection practices.[39]  The Third Circuit found the complaint insufficient, because the plaintiff did not identify a single communication between herself and the defendants, any allegations regarding the debt collection methods used by the defendants, nor any allegations of any collection or foreclosure actions taken by the defendants against her.[40]

Likewise, in *In re Klein*, the plaintiff raised claims against the defendant under the FCEUA and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UDAP"),[41] which were dismissed pursuant to Rule 12(b)(6) because the complaint did not advise how the plaintiff was contacted, when or the time of day, the frequency of, or what was communicated during any contact, or whether the communication involved

---

[37] *See, e.g.*, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted).
[38] *Kamara v. Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 261 (3rd Cir. 2009).
[39] *Id.* at 262 and 266.
[40] *Id.* at 266.
[41] *In re Klein*, Adv. No. 10-0015, 2010 WL 2680334, at * 1 (Bkrtcy. E.D. Pa. June 29, 2010)

deceit, oppression, or harassment.[42]  The court found the complaint vague and completely uninformative, leaving the defendant to speculate regarding its purported wrongful conduct.[43]

In *Foster v. Raleigh*, in an action against the Bureau of Prisons, the district court, *sua sponte*, ordered the plaintiff to amend his "largely incomprehensible" complaint.[44] After the amendment, the magistrate judge recommended dismissal with prejudice because of continued deficiencies, which the district court adopted.[45]  On appeal, the Third Circuit held that "[a]lthough a district court generally must afford a plaintiff an opportunity to amend a deficient complaint before dismissing it, leave to amend need not be granted where amendment would be inequitable or futile."[46]  It affirmed the district court's ruling finding the complaint bordered on being unintelligible and amounted to nothing more than vague, conclusory assertions despite several administrative filings and other documents attached as exhibits.[47]

In *Reuben v. U.S. Airways, Inc.*, the plaintiff claimed she was subjected to cigarette smoke during a several hour flight on Lufthansa from Germany to Chicago, causing her to become physically ill. [48]  Lufthansa was not sued.  The defendants, U.S. Airways and TSA, moved to dismiss, which was granted with prejudice because any amendment to the complaint would be futile.[49]  On appeal, the Third Circuit affirmed the

---

[42] *Id.*
[43] *Id.*
[44] *Foster v. Raleigh*, 445 F. App'x 458, 459-460 (3rd Cir. 2011).
[45] *Id.* at 460.
[46] *Id.*
[47] *Id.*
[48] *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3rd Cir. 2012).
[49] *Id.* at 104.

lower court's decision,[50] finding because no factual allegation by plaintiff related to conduct by either defendant which caused her harm, and all incidents complained of occurred while she was a passenger on a Lufthansa flight, any amendments in a suit against the defendants would be futile.[51]

Similarly, in *Thomas v. Seth*, a federal inmate initiated a civil action under the Privacy Act,[52] the Stored Communications Act,[53] and the Wiretap Act.[54]  The plaintiff alleged disclosure of records of phones calls he made while incarcerated to two AUSAs assigned to his criminal case violated those statutes.[55]  The defendants filed a motion to dismiss, which the district court granted.[56]  On appeal, the Third Circuit affirmed noting the AUSAs and prison were exempt under the statutes.[57]  Thus, since the plaintiff could not "circumvent the layers of exemptions from liability in each of the relevant statutes . . . it would have been an exercise in futility" for the lower court to allow leave to amend.[58]

In the instant matter, the complaint suffers from the same defects and vagueness outlined in the aforementioned opinions.  It contains no facts describing or demonstrating any improper conduct by defendant.  It fails to advise when plaintiff

---

[50] *Id.* at 103.
[51] *Id.* at 104-05.
[52] 5 U.S.C. § 551 (bars government agencies from disseminating any record contained in a system of records to another person or agency without an exception).
[53] 18 U.S.C. § 2701 (prevents a provider of electronic communication services from disclosing certain records of a subscriber or customer to a government entity without a warrant, court order or consent).
[54] 18 U.S.C. § 2510 (prohibits the intentional, unauthorized interceptions and disclosures of wire, oral, and electronic communications).
[55] *Thomas v. Seth*, 317 F. App'x 279, 281 (3rd Cir. 2009).
[56] *Id.* at 280-81.
[57] *Id.* at 281-82.
[58] *Id.* at 282.

8

executed the mortgage with defendant, describe defendant's collection methods, or identify any purportedly improper communications or activities by defendant. Plaintiff's claim, supposedly articulated in his "Notice and Demand," demonstrates little understanding of modern banking practices, such as how loans and mortgages are created, the manner in which money is provided to a borrower, and what occurs when a borrower defaults. His "complaint" merely regurgitates several legal conclusions, asserting he was somehow wronged by the defendant, and nothing more. Nor is it clear regarding the statutory or other legal authority for his underlying action on which plaintiff relies. Thus, any amendment to the complaint would be futile, since plaintiff has failed to describe any actionable conduct on the part of defendant. His "claim" is based solely on defendant's failure to respond to his homemade legal documents within a certain time period, which is not a viable cause of action under any statute, case law, or court order. As a result, in the absence of any viable claim, defendant's motion to dismiss for failure to state a claim is granted.

## IV. MOTION FOR SUMMARY JUDGMENT[59]

### A. Standard of Review

Under FED. R. CIV. P. 56(a), a court grants summary judgment only when the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court's role is not to weigh the evidence or to determine the truth of the

---

[59] Although the findings on defendant's motion to dismiss moots plaintiff's motion for summary judgment, for completeness sake, his motion is addressed herein and denied.

matters asserted, but to decide whether there is a genuine issue of fact for trial.[60]  In so doing, the court must view all facts and draw all reasonable inferences in favor of the non-movant, take as true all allegations of the non-movant that conflict with those of the movant, and resolve all doubts against the movant.[61]  A court should deny a motion for summary judgment where the non-movant has not had an adequate opportunity to conduct discovery.[62]  "[B]y its very nature, the summary judgment process presupposes the existence of an adequate record." [63]

### B.    Discussion

In *Doe v. Abington Friends Sch.*, the parents of a student enrolled with the defendant, an institution traditionally associated with the Quaker religion, filed an ADA suit against the school.  Initially, the court found because the school was a religious institution, it was exempt under the ADA.[64]  Limited discovery was subsequently ordered to determine whether the defendant was a religious institution.[65]  In response, the school filed a motion for summary judgment along with a supporting affidavit from the headmaster affirming religious identity.[66]  The district court granted the defendant's motion.[67]  On appeal, the Third Circuit explained that in order for a court to grant a motion for summary judgment, an adequate record must exist to determine whether a

---

[60] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[61] *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)*; Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).
[62] *See Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 479 (E.D. Pa. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 255 (3d Cir. 2010).
[63] *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3rd 2007).
[64] *Id.* at 254
[65] *Id.*
[66] *Id.* at 256
[67] *Id.*

genuine issue of material fact exists.[68]  The court further held if material discovery is

incomplete, a court should not grant the motion prior to additional discovery.[69]  In

vacating the lower court's decision, the Third Circuit held that because the school's

religious affiliation was a mixed issue of law and fact, some discovery before deciding

the motion was required.[70]

Here, no discovery occurred prior to plaintiff's Rule 56 motion.  In analyzing his

motion, the court is mindful of the more liberal approach afforded pro se litigants like

plaintiff; however, pro se plaintiffs are required to follow rules of procedure and

substantive law.[71]  Under FED. R. CIV. P. 26(5)(d), a party may not seek discovery from

any source before the parties have conferred as required by Rule 26(f).  Pursuant to

Rule 26(f), the parties are required to confer at least 21 days before a scheduling

conference is to be held or a scheduling order is due under Rule 16.  No Rule 16

scheduling conference has been ordered or scheduled by the court, and no due date

has been set for a scheduling order.  No discovery has been authorized, and defendant

has had no opportunity to explore the issues and develop its defenses through the

discovery process.  Therefore, plaintiff's motion for summary judgment is denied.

## V.   Order and Recommended Disposition

---

[68] *Id. at 257*

[69] *Id.*

[70] *Id.* at 258-59.

[71] *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); *Farretta v. California*, 422 U.S. 806, 834 n. 46 (1995)(finding pro se status is not a license to disregard procedural rules or substantive law).  This circuit has repeatedly adhered to Supreme Court precedent in that regard. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567, 570 (3d Cir. 1996); *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, at *3 (D. Del. June 30, 2010) (proceeding as a pro se litigant does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in his favor"); *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 604 (D. Del. 2007).

Consistent with the findings contained in the Report and Recommendation,

IT IS RECOMMENDED that defendant's 12(b)(6) motion to dismiss (D.I. 9) be granted with prejudice.  Because of this recommendation, as well as the analysis herein, plaintiff's motion for summary judgment (D.I.16) is denied as moot and as inconsistent with FED. R. CIV. P. 16, 26 and 56.

IT IS FURTHER RECOMMENDED that in light of the findings herein, defendant's cross motion for summary judgment (D.I. 18) is moot.

Pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72 (b)(1), and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.[72]

The parties are directed to the Court's Standing Order in Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated November 16, 2009, a copy of which is found on the Court's website (www.ded.uscourts.gov.)

A copy of the Report and Recommendation and this Order was mailed to El' Ahmad Baba Hashin Barak on June 14, 2013.

Date:  June 14, 2012                         /s/ Mary Pat Thynge
                                             UNITED STATES MAGISTRATE JUDGE

_____

[72] FED. R. CIV. P. 72(b)(2).